WALTER C. ECKLES V. STATE.

No. 26,597. November 11, 1953.
Appellant's Motion to Reinstate Appeal Denied
(Without Written Opinion) December 9, 1953.
Appellant's Appeal Reinstated February 3, 1954.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) March 10, 1954.

*Grady West,* Lubbock, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is aggravated assault; the punishment, one month in jail and a fine of $50.00.

The state has filed a motion to dismiss the appeal on the grounds that the record fails to reflect that appellant entered into a recognizance or filed an appeal bond.

The motion is granted, and the appeal is dismissed.

ON APPELLANT'S SECOND MOTION TO REINSTATE APPEAL.

WOODLEY, Judge.

The record has been perfected by supplemental transcript which shows that appellant, with his sureties, entered into a recognizance on appeal. The appeal is therefore reinstated and will be disposed of on its merits.

The injured party was, at the time of the alleged offense, the wife of appellant. She testified on direct examination that on the morning of January 18, 1953, her brother-in-law came to the home of appellant and the prosecuting witness, in Lubbock. He was on his way to Teague, intending to take the train to Slaton that night.

The brother-in-law wanted to know if he would go through Brownwood on his journey to Teague, and appellant suggested that he would probably go through Fort Worth.

The prosecuting witness testified that shortly after the brother-in-law departed she suggested that it appeared to her that one would go through Brownwood going to Teague, whereupon appellant began beating her as she sat at the breakfast table, striking her on the head and arms and causing her to have a black eye and bruises on her arm, shoulder, neck, head and hip.

Appellant did not testify and the state relied solely upon the above testimony of his then wife, who had since the assault secured a divorce.

It is insisted that on cross-examination the prosecuting witness destroyed her credibility as a witness and the entire weight of her testimony when she testified that "the alleged assault had occurred on the following morning" and not on January 18, 1953.

The testimony on cross-examination relied upon to support such contention is as follows:

"Q. And you immediately filed your suit for divorce, didn't you? A. On the 20th.
"Q. That be Tuesday? A. Wednesday—21st.

"Q. Isn't it a fact that the argument that you claimed you and Walter had, happened on Monday afternoon about 1 o'clock? A. No, sir. Well, it happened when I was leaving, *that is when he got mad.*
"Q. Monday afternoon about 1 o'clock? A. Yes, sir, about 12:15 when I was leaving.
"Q. Where were you planning on going? A. I was going home to my parents."

As we view this testimony the witness was not referring to the assault which she had testified happened shortly after her brother-in-law left, but to an argument which occurred when she was leaving the following day.

We find nothing to indicate perjury in the testimony of this witness. Furthermore, we know of no rule of law under which we would be authorized to find the testimony insufficient to sustain the conviction.

The judgment is affirmed.